UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL MASSING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:12-CV-788 WL |
| | ) |
| SUPERINTENDENT, MIAMI CORRECTIONAL FACILITY, | ) ) ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Michael Massing, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with a prison disciplinary proceeding. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ."*Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons

for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

A prison disciplinary action can only be challenged in a habeas corpus proceeding where it lengthens the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). The Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions that do not effect the duration of their confinement. *Sandin v. Conner*, 515 U.S. 472, 487 (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence).

This Petitioner does not allege that he lost earned credit time as a result of this disciplinary hearing (DE 1 at 1), and the disciplinary hearing report, which he attached to his petition, establishes that none of the sanctions imposed on the Petitioner by the disciplinary hearing officer lengthen the duration of his confinement (DE 1-2 at 8). Prisoners may not use 28 U.S.C. § 2254 to challenge prison disciplinary sanctions that do not effect the duration of their confinement. *Sylvester v. Hanks*, 140 F.3d 713 (7th Cir. 1998).

For the reasons stated in this order, the court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED on January 30, 2013

                                                 s/William C. Lee  
                                                 William C. Lee, Judge  
                                                 United States District Court